# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 2014cv0

**Plaintiff:** Donna Longwolf

v.

**Defendants:** Barbra Post, Geico Casualty Company, and Valera Holtorf d/b/a Dashabout Town Taxi, LLC

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, by and through her undersigned attorney, for her Complaint against the Defendants, and alleges the following:

### PARTIES

1. Plaintiff, Donna Longwolf, is a resident of the State of Rhode Island, with a current primary residence located at 589 West Allenton Road, North Kingstown, RI 02852.

2. Upon information and belief, and at all times relevant, Defendant Barbra Post is a resident of Morgan County, State of Colorado.

3. The Defendant UIM/UM automobile insurer, Geico Casualty Company, has long been a resident of the State of Maryland, by virtue of its status as an insurance company organized under the laws of the State of Maryland and having its principle offices located in the State of Maryland.

4. Upon information and belief, and at all relevant times, Defendant Valera Holtorf, d/b/a Dashabout Town Taxi, LLC, is a resident of Washington County, State of Colorado.

### JURISDICTION AND VENUE

5. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. Venue is proper pursuant to 28 U.S.C. §1411 based on the substantial contacts of the parties within the Judicial District and because the incident which is the subject matter of this cause of action occurred within the Judicial District.

## FACTS COMMON TO ALL CLAIMS

7. On or around June 13, 2011, Plaintiff Donna Longwolf was a passenger in a carrier van owned and operated by Defendant Dashabout Town Taxi, LLC, which was travelling eastbound in the inside lane of the 20000 block of Highway 34 in Fort Morgan, Colorado.

8. Upon approaching its destination, the van slowed and then stopped in order to turn northbound into a private drive.

9. At that time, Defendant Barbra Post, who was also travelling eastbound on Highway 34, failed to keep a proper lookout and yield the right-of- way to the approaching traffic condition causing her vehicle to violently collided with the rear of the passenger van in which Plaintiff was a passenger.

10. At the time of the accident, Plaintiff was unrestrained in the passenger van due to her inability to locate a seatbelt and/or shoulder harness, which was apparently stuck under the passenger seat.

11. Defendant Post was cited at the scene for "careless driving" in violation of C.R.S. §42-4-1402 and the corresponding section of the Model Traffic Code.

12. The Defendants' acts or omissions and negligence *per se* directly and proximately caused Plaintiff's injuries, damages, and losses, including, but not limited to, physical injuries,

pain and suffering, past and future medical care and expenses, economic losses, property damage and other damages according to proof.

### FIRST CLAIM FOR RELIEF
### NEGLIGENCE – DEFENDANT BARBRA POST

13. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-11 as if fully set forth herein.

14. Defendant Post owed a duty to the Plaintiff and all other persons on the road to operate her vehicle in a safe and reasonable manner.

15. Defendant Post breached that duty by failing to act consistent with her responsibility to "look," "see, " and properly react and respond to the plainly visible and commonplace traffic conditions present on the road at the time of the incident.

16. Defendant Post's negligence is the direct and proximate cause of the Plaintiff's injuries, damages, and losses, including but not limited to, physical injuries, pain and suffering, past and future medical care and expenses, economic losses, property damage and other damages according to proof.

### SECOND CLAIM FOR RELIEF
### NEGLIGENCE *PER SE* – DEFENDANT BARBRA POST

17. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

18. Defendant Barbra Post was cited at the scene of the accident for careless driving in violation of C.R.S. §42-4-1402 and the corresponding section of the Model Traffic Code.

19. This violation constitutes negligence *per se* on the part of this Defendant.

20. Defendant Post's negligence is the direct and proximate cause of the Plaintiff's injuries, damages, and losses, including but not limited to, physical injuries, pain and suffering, past and future medical care and expenses, economic losses, property damage and other damages according to proof.

### THIRD CLAIM FOR RELIEF
### NEGLIGENCE – DEFENDANT VALERA HOLTORF, d/b/a DASHABOUT TOWN TAXI, LLC

21. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-20 as if fully set forth herein.

22. Defendant Balera Holtorf d/b/a Dashabout Town Taxi, LLC, her employees, and agents were negligent in failing to make or have accessible seatbelts and/or shoulder harnesses for such paying passengers of her taxi, in violation of 4 C.C.R. 723-6:6103.

23. The lack of availability of seatbelts and/or shoulder harnesses, which were apparently stuck under the passenger seat of the van, substantially enhanced the Plaintiff's injuries and damages from this accident.

24. Said Defendant is vicariously liable for such negligence on the part of her agents and employees in regard thereto, pursuant to the doctrine of respondeat superior and principles of corporate and employment law, since such acts or omissions occurred within the course and scope of such employment and agency relationships.

25. Plaintiff has performed all conditions precedent, if any, to the maintenance and prosecution of this action.

### FOURTH CLAIM FOR RELIEF
### AGAINST DEFENDANT GEICO CASULATY COMPANY

26. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-25 as if fully set forth herein.

27. Plaintiff seeks payment by her automobile insurer of certain claims for underinsured ("UIM") bodily injury ("BI")(cumulatively referred to as "UIM BI"), and the conforming terms of that auto insurance policy in regard thereto.

28. Plaintiff has performed all conditions precedent to the maintenance and prosecution of this action, including but not limited to, having timely and duly demanded arbitration and refused same. Regardless, Plaintiff alternatively demands herein an Order compelling these parties to resolve this UIM BI dispute by and through binding arbitration pursuant to the terms of C.R.S. §10-4-609 and the underlying complying auto insurance policy in question.

WHEREFORE, Plaintiff prays for judgment against the Defendant insurer for UIM benefits and against Defendant Post and Defendant Holtorf d/b/a Dashabout Town Taxi, LLC, as provided by law in amount sufficient to compensate Plaintiff for her injuries, damages, losses, costs, expert witness fees, attorney's fees, and any other relief that this Court deems just and proper.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF SIX ON ALL ISSUES SO TRIABLE.**

Dated this 6th Day of June, 2014.

Respectfully Submitted,

*/s/ Richard K. Blundell*

Richard K. Blundell, Reg. No. 10358