IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01613–KMT

DONNA LONGWOLF,

    Plaintiff,

v.

BARBRA POST,
GEICO CASUALTY COMPANY, and
VALERA HOLTORF d/b/a DASHABOUT TOWN TAXI, LLC,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Strike Defendant Barbara Post's Designation of Non-Party" (Doc. No. 18 [Mot.], filed September 4, 2014). Defendant Post filed her response on September 25, 2014 (Doc. No. 26 [Resp.]). Plaintiff did not file a reply.

*FACTUAL BACKGROUND*

This case is a personal injury action in which Plaintiff alleges negligence against Defendant Post as the result of an automobile accident that occurred on June 13, 2011, involving Defendant Post, who was driving a motor vehicle, and Defendant Dasabout Town Taxi, LLC, whose driver was transporting Plaintiff in a carrier van. (*See* Doc. No. 1.)

*PROCEDURAL BACKGROUND*

On August 14, 2014, Defendant Post filed her Notice of Designation of Non-party pursuant to Colo. Rev. Stat. § 13-21-111.5. (Doc. No. 14 [Designation].) Defendant Post designated Dorothy Munoz, the driver of the carrier van operated by Defendant Dasabout Town Taxi, LLC. (*Id.*) Plaintiff now moves to strike the Designation. (Mot.)

*ANALYSIS*

Plaintiff argues that the Designation should be stricken because the Federal Rules of Civil Procedure do not allow for a designation of a non-party and because Defendant Post has failed to satisfy the requirements of Colo. Rev. Stat. § 13-21-111.5. (*See* Mot.)

### 1. *Colorado Statutes in Diversity Cases*

Plaintiff filed her case in this Court on the basis of diversity jurisdiction under 28 U.S.C. ¶ 1332. (*See* Doc. No. 1, ¶ 5.) This Court, sitting in diversity, is bound by Colorado statutes when deciding questions of substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In determining a defendant's liability, Colorado's Pro-Rata Liability Statute, Colo. Rev. Stat. § 13-21-111.5, allows the Court to consider the negligence or fault of nonparties. Thus, Defendant's argument that the Federal Rules of Civil Procedure do not allow for the designation of a non-party fails.

### 2. *Designation under Colo. Rev. Stat. § 13-21-111.5*

In Colorado, non-party designations must be made by filing a notice including "such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). The designation must contain

facts sufficient to "satisfy all the elements of a negligence claim." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana,* 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a *prima facie* case" against the nonparty). "In order to establish a *prima facie* case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, *i.e.*, that the defendant's breach caused the plaintiff's injury." *HealthONE v. Rodriquez ex rel. Rodriquez*, 50 P.3d 879, 888 (Colo. 2002).

> "[A] designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it . . . . At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault."

*Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1409–09 (D. Colo. 1993) (quoting *F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)). A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to establish a *prima facie* case of negligence. *See Stone*, 41 P.3d at 709; *Redden*, 38 P.3d at 80–81.

Although *Redden* was a professional negligence action, the Tenth Circuit has interpreted its holding as governing non-party designations in all cases where the Colorado apportionment statute applies. *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1278 (10th Cir. 2005)(stating, in case involving claims of sale of a defective product, failure to warn and negligence, that "[t]o satisfy [Colo. Rev. Stat. § 13-21-111.5(3)(b)], the party must 'allege the basis for believing the nonparty is legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a [ ] claim' ")(quoting *Redden*, 38 P.3d at 81).

Defendant Post's Designation states

>It is believed that the evidence at trial, and particularly the testimony of the parties and other witnesses, will show that Dorothy Munoz, the driver of the vehicle in which the Plaintiff was a passenger, was negligent and a cause of the accident that is the subject of this lawsuit.

(Designation.) Defendant Post's Designation does not "go beyond [the] bald allegation" of negligence. 38 P.3d at 81. Thus, Defendant Post's Designation is stricken.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion to Strike Defendant Barbara Post's Designation of Non-Party" (Doc. No. 18) is **GRANTED**. The "Notice of Designation of Non-party" (Doc. No. 14) is **STRICKEN**.

Dated this 16th day of October, 2014.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge