IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01613–KMT

DONNA LONGWOLF,

      Plaintiff,

v.

BARBRA POST,
GEICO CASUALTY COMPANY, and
VALERA HOLTORF d/b/a DASHABOUT TOWN TAXI, LLC,

      Defendants.

---

## AMENDED TRIAL PREPARATION CONFERENCE ORDER

---

      Pursuant to Fed. R. Civ. P. 16(e), D.C.COLO.LCivR 16.3, and  D.C.COLO.LCivR 43.1, the court enters this **Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. In order to resolve pretrial issues implicating Fed. R. Evid. 702, the following procedural protocol shall be used:

   a. All motions raising issues under Fed. R. Evid. 702 as codified and construed shall be filed by the discovery cut off date of **May 18, 2015**, and marshaled thereafter as prescribed by **D.C.COLO.LCivR 7.1(c).**;

   b. For each putative expert witness with respect to whom the movant objects for any reason, the movant shall provide the following:

      i. whether the movant contends that the testimony of the expert is unnecessary or irrelevant; and if so, why;

      ii.  whether the movant objects to the qualifications of the witness; and if so, why (stated in detail); and

      iii.   whether the movant objects to any opinion to be offered by the expert; and if so:

    1.  which opinion; and

    2.  the specific basis and authority for any objection stated and presented in terms of Fed. R. Evid. 401 and/or 702(a), (b), (c), or (d), i.e., whether the objection impugns the relevancy of the opinion, whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection impugns the principles and methods on which the expert relied in support of the opinion, or whether the objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion; and

    3.  for each putative expert witness whose necessity, qualifications, or opinions are opposed by the movant, the party offering the expert shall provide in response to the motion the following:

        a.  a curriculum vitae for the expert;
        b.  a statement of each opinion to be offered by the expert that is opposed by the movant; and
        c.  the relevance and bases for each allegedly objectionable statement to be offered by the expert, including
            i.  the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;
           ii.  the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and
         iii.  how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection;

2.  A trial by jury shall commence **December 7, 2015**, at **9:30 a.m.,** in Courtroom C-201, located on the 2nd Floor of the Byron Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294, at which trial all parties shall appear in person without further notice, order, or subpoena;

3.  The court reserves five (5) days for trial:

    •    **Monday, December 7, 2015, through Friday, December 11, 2015;**

Case 1:14-cv-01613-KMT   Document 41   Filed 02/09/15   USDC Colorado   Page 3 of 5

4. Counsel and any *pro se* party shall appear in Courtroom C-201 on the first day of trial at 8:45 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

5. A combined **Trial Preparation Conference** and **Final Pretrial Conference** (conference) shall commence on **November 13, 2015, at 10:00 a.m.**, in Courtroom C-201.  Lead counsel and any *pro se* party shall attend the conference in person unless otherwise pre-arranged;

6. The proposed Final Pretrial Order, submitted pursuant to District Court ECF Procedures V.5.1, shall be presented for the approval of the court no later than seven (7) days before the final pretrial conference, i.e. by **November 6, 2015**;

7. The proposed Final Pretrial Order shall be prepared in the time, manner, and form prescribed by D.C.COLO.LCivR 16.3 and the "Final Pretrial Order and Instructions (Local Rules Appendix G)" found at http://www.cod.uscourts.gov/JudicialOfficers/ArticleIMagistrateJudges/HonKathleenMTafoya.aspx.  The required Exhibit List and Witness List shall comply with this court's Practice Standards, Section V(E) and (F).  **Copies of exhibits included in the proposed Final Pretrial Order must be provided to opposing counsel or any pro se party no later than 45 days before trial and objections to the exhibits must be served by personal delivery, electronic mail, or facsimile no later than 30 days before trial**;

8. At the outset of the conference, the parties shall submit the stipulated and proposed jury instructions and verdict forms as well as proposed voir dire, if applicable;

9. At the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

   a. the proposed Final Pretrial Order;

   b. stipulated and proposed jury instructions and verdict forms;

   c. *voir dire* questions;

   d. the jury selection process and the use of juror questionnaires;

   e. identification of all persons permitted to be seated at each party's table;

   f. the pronunciation of problematic party's and witness' names;

   g.  the names or monikers that may be used when referring to a party or a witness;

   h. identification of "will call" and "may call" witnesses;

3

     i.   use of deposition testimony:

         i.   designation of specific testimony by page and line; and

         ii.   identification of the person selected to read deposition answers;

     j.   use of video depositions:

         i.   resolution of objections;

         ii.   pretrial redaction and alternate versions, if necessary; and

         iii.   arrangements for necessary equipment to broadcast the deposition;

     k.   issues concerning witnesses and exhibits;

     l.   the allocation of trial time between the parties;

     m.   the admission of stipulated exhibits or exhibits about which there are no objections;

     n.   timing of publication, if any, of trial exhibits to the jury;

     o.   anticipated evidentiary issues and resolutions of motions in limine;

     p.   the necessity for cautionary or limiting instructions;

     q.   requests or requirement for trial briefs;

     r.   exemptions from the order of sequestration of witnesses;

     s.   security precautions, requirements, or issues;

     t.   training on the use of courtroom technology; and

     u.   transporting and bringing equipment, models, props, or other property into the courthouse and courtroom for use during trial;[1]

10. Before commencement of the trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their joint exhibit list (a set of original exhibits for use by the

---

[1] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties.   Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Sabrina Grimm, at (303)335-2039**, at least 14 days before trial. Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom

witnesses and a copy for the court, the law clerk, and all other parties). (See Practice Standards of Kathleen M. Tafoya, Section V(E) regarding presentation of exhibits in court.)  If a hard copy of the exhibits will necessitate the use of more than one notebook-style binder, the court requires that exhibits be marshaled electronically using removable storage (e.g. stick drives) which shall be provided to the court, the law clerk, and the courtroom deputy.  Only one original set of exhibits will be accepted in hard copy format under this provision;

11. Each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

12. Unless ordered otherwise, the jurors shall not be sequestered before deliberations;

13. Trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

14. Opening statements shall be limited to **thirty (30)**  minutes per party.  Closing argument shall be limited to **forty-five (45)** minutes **total** for each party.  The party with the burden of proof may reserve a portion of its time for rebuttal closing;

15. Unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

16. To eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

17. For additional information about courtroom protocol, courtroom technology and training, trial preparation, transport of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Sabrina Grimm, at (303) 335-2039**, should be contacted.

   Dated this 9th day of February, 2015.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

5